IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV265 |
| | ) | |
| v. | ) | |
| | ) | |
| STUART J. DORNAN, individually and in his official capacity; DOUGLAS COUNTY, NEBRASKA, a political subdivision of the State of Nebraska; CITY OF OMAHA, a political sub- division of the State of Nebraska; JENNA R. JOHNSON; WILLIAM J. JOHNSON; BRIDGETTE JOHNSON; SANDRA L. DENTON, individually and in her official capacity; MATTHEW R. KAHLER, individually and in his official capacity; JENNIFER THOMPSON, individually and in her official capacity; ANGIE CIRCO, individually and in her official capacity; ALAN REYES, individually and in his official capacity; TERESA NEGRON, individually and in her official capacity; JOHN DOE #1, real and true name unknown; JANE DOE #2, real and true name unknown, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I. INTRODUCTION

This matter is before the Court on defendant Jennifer Thompson's motion for summary judgment (Filing No. 41), and plaintiff David Young's motion to continue (Filing No. 45.) After careful review of the motions, the affidavits, the submissions of the parties, and the applicable law, the Court

finds that the motion to continue should be denied and concludes that the motion for summary judgment should be granted.

## II. BACKGROUND

This case arose out of an alleged sexual assault at Creighton University. Plaintiff David Young ("Young") was accused of sexual assault by defendant Jenna Johnson. During the investigation and prosecution of the case against him, Young alleges that his constitutional rights were violated, that he was falsely imprisoned, that he was maliciously prosecuted, and that the Douglas County Attorney's Office abused process in an effort to convict him. Young was ultimately acquitted of the charges and now brings this suit to recover attorney's fees and general damages suffered as a result of the foregoing alleged misconduct.

Defendant Jennifer Thompson was a law student during part of the pretrial phase of the criminal prosecution against Young and clerked at the Douglas County Attorney's Office. She prepared a brief and, as a senior certified law student, was permitted to argue against Young's motion to quash subpoena. She was unsuccessful in her argument.

After the conclusion of the criminal case, Young sued Thompson, Douglas County, Nebraska, employees of the County Attorney's Office, the City of Omaha, Nebraska, several Omaha police officers, Jenna Johnson, and her parents William Johnson and Bridget Johnson (collectively, the "Johnsons"), and two unascertained defendants. Thompson answered (Filing No. 21) on September 11, 2007, and filed a motion for summary judgment

(Filing No. 41) on November 19, 2007.  On December 5, 2007, Young filed a motion to continue decision on Thompson's summary judgment motion (Filing No. 45).

### III. DISCUSSION

A. Motion for Continuance

Young requests a continuance to "grant him sufficient time to obtain affidavits and take the depositions of Mr. Patrick Borchers and members of the Creighton University Law School Admissions Committee for the fall semester of 2005."  (Pl.'s Mot. to Cont. 2.)  Although he admits that Thompson never contacted Dean Borchers,[1] Young now suggests that Thompson "contacted another one of the Admissions Deans to whom she provided negative information with regard to Mr. Young's then pending application for admission."  (Thomas Young Aff. ¶ 4.)  The Court will deny this motion for two independent reasons.

First, the evidence Young seeks the continuance to discover is irrelevant.  Young has alleged that he applied for admission to Creighton in 2006, not 2005 (Compl. ¶ 23).  In fact, Young's only specific allegation against Thompson is that "during July, 2006, [she] advised the Dean of Creighton University Law School that [Young] should be denied admission . . . and that he was unfit to engage in the practice of law."  (*Id.*)  Therefore, obtaining affidavits and taking depositions from members of the Creighton University Law School Admissions Committee from the

---

[1] Borchers agrees.  (*See* Borchers Aff. ¶ 4.)

-3-

Fall of 2005 when Young had not yet even applied for admission cannot be relevant to any issue in this case.

Second, even if Thompson made the statements to Creighton that Young complains of, that information is also irrelevant to the issues in this case.  This suit alleges conspiracy to violate Young's constitutional rights, not defamation.  Young does not have a constitutional right to attend Creighton University Law School.  Moreover, the fact of Young's criminal prosecution was public information, and nothing prevents Thompson from discussing that fact with others.  Further, the only evidence which would tend to associate Thompson with any conspiracy is the fact that she was employed by the Douglas County Attorney's Office.  (*See* Thompson Aff. ¶ 1.)  However, Thompson was only employed there from January, 2006 to May, 2006 (*Id.*), and Young alleges the statements were made in July, 2006, when she was no longer so employed (Compl. ¶ 23).  Therefore, even if she was part of a conspiracy by virtue of her employment, Thompson no longer was by the time she allegedly discussed Young with the Creighton Law School admissions staff.  For these reasons, the Court finds that Young's motion to continue should be denied.

B. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show

that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Summary judgment will not lie if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In order for the moving party to prevail, it must demonstrate to the court that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A fact is material only when its resolution affects the outcome of the case. *Anderson,* 477 U.S. at 248. A material issue is genuine if it has any real basis in the record. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). On a motion for summary judgment, the Court must view all evidence and inferences in the light most favorable to the nonmoving party. *Anderson,* 477 U.S. at 250. However, the nonmoving party may not rest on the mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. *Celotex,* 477 U.S. at 324. If the plaintiff cannot support each essential element of his claim, summary judgment will be granted because a complete failure of proof regarding an essential element necessarily renders other facts immaterial. *Id.* at 322-23.

C. Thompson's Motion for Summary Judgment

      Young alleges that Thompson falsely imprisoned him, and acted in concert or agreement with the Johnsons to file criminal

charges against him without probable cause; to cause illegal search warrants to be issued; to issue subpoenas without authority of law in contravention of a court order; to illegally seize Young and his property; and to tamper with evidence (Compl. ¶¶ 34, 38, 39, 42).  More generally, Young also alleges that Thompson, "by reason of agreement, conduct or concerted action while acting under color of state law . . . sought to and [has] denied Plaintiff his constitutional rights, privileges and immunities secured by the United States Constitution all in violation of 42 U.S.C. § 1983."  (Compl. ¶ 32.)

Significantly, Young does not dispute any of the information contained in the affidavits provided by Thompson.  Therefore, the only evidence before the Court on this motion is that Thompson prepared a brief and unsuccessfully argued against a motion to quash subpoena in Young's Nebraska state court criminal case (Thompson Aff. ¶¶ 3, 4).  Thompson did not prepare, sign or file any praecipe for subpoena for Young's Creighton records.  (*Id.* at ¶ 2.)  In fact, she "had no other involvement in the State's case against Plaintiff."  (*Id.* at ¶ 5.)  Except for the fact that Thompson briefly worked for the County Attorney's office, there is no evidence whatsoever that she participated in any kind of conspiracy against Young.  While minimally relevant, the fact of Thompson's employment alone is not sufficient evidence for a reasonable factfinder to find Thompson responsible for any of the acts Young complains of.  Moreover, there is no evidence whatsoever that Thompson engaged

in any behavior that violated Young's constitutional rights.  The Court therefore finds that Thompson's motion for summary judgment should be granted.

## IV. CONCLUSION

For the foregoing reasons the Court finds that Thompson's motion for summary judgment should be granted and Young's motion to continue should be denied.  Accordingly,

IT IS ORDERED:

1) Defendant Jennifer Thompson's motion for summary judgment (Filing No. 41) is granted.  Plaintiff's complaint against Jennifer Thompson is dismissed.

2) Plaintiff David Young's motion to continue (Filing No. 45) is denied.

DATED this 12th day of December, 2007.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court