```
              IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

DAVID YOUNG,                    )
                                )
            Plaintiff,           )         8:07CV265
                                )
      v.                        )
                                )
STUART J. DORNAN, individually  )          MEMORANDUM AND ORDER
and in his official capacity;   )
DOUGLAS COUNTY, NEBRASKA, a     )
political subdivision of the    )
State of Nebraska; CITY OF      )
OMAHA, a political sub-         )
division of the State of        )
Nebraska; JENNA R. JOHNSON;     )
WILLIAM J. JOHNSON; BRIDGETTE   )
JOHNSON; SANDRA L. DENTON,      )
individually and in her         )
official capacity; MATTHEW R.   )
KAHLER, individually and in     )
his official capacity; ANGIE    )
CIRCO, individually and in      )
her official capacity; ALAN     )
REYES, individually and in      )
his official capacity;          )
TERESA NEGRON, individually     )
and in her official capacity;   )
JOHN DOE #1, real and true      )
name unknown; JANE DOE #2,      )
real and true name unknown,     )
                                )
            Defendants.         )
_____)
```

This matter is before the Court on two motions to dismiss pending in this case. First is defendants Jenna Johnson, William Johnson, and Bridget Johnson's (collectively, the "Johnsons") (Filing No. 18). Second is defendants Stuart Dornan, Sandra Denton, Matthew Kahler, and Douglas County's (collectively, the "County Attorneys") (Filing No. 22). Both motions were filed pursuant to Fed. R. Civ. Pro. 12(b)(6). After review of the motions, the plaintiff's complaint, the briefs, and

the applicable law, the Court concludes that the Johnsons' motion should be granted in part and denied in part and the County Attorneys' motion should be denied.

## I. BACKGROUND

This case arises out of an incident which occurred sometime during the evening of Saturday, June 4, 2005, and the morning of Sunday, June 5, 2005, at Unit #131, Davis Hall, Creighton University ("Creighton"). The plaintiff, David Young ("Young"), alleges that after he spent the evening and night with defendant Jenna Johnson, she reported to police that he had sexually assaulted her (Complaint at ¶¶ 6, 8, 9). Ultimately, charges were brought by the County Attorneys and the case was tried in the District Court of Douglas County, Nebraska. Trial was concluded on July 24, 2006, and Young was found not guilty. (*Id.* at 21.)

Young further alleges that various misconduct by defendants Douglas County, Angie Circo, Alan Reyes, and Teresa Negron (the "Omaha Police") took place during the investigation of the incident, including erasing exculpatory statements from a tape recording (Complaint at ¶ 10), prompting a witness to give false testimony (*Id.* at ¶ 11), failing to destroy plaintiff's DNA sample in violation of law (*Id.* at ¶ 12), arresting plaintiff without probable cause and in an embarrassing manner (*Id.* at ¶¶ 13, 14), disclosing confidential information to the media (*Id.* at ¶ 17), and generally engaging in a conspiracy to violate

Young's constitutional rights, privileges and immunities and Nebraska law (*Id.* at 26).

Young also alleges misconduct by the County Attorneys, such as being persuaded or manipulated to file charges against the plaintiff by improper parties (*Id.* at ¶ 15, 16), improperly seeking records from Creighton (*Id.* at ¶¶ 18, 19), and engaging in the aforementioned conspiracy (*Id.* at 26).

Finally, Young alleges misconduct by the Johnsons, including that they targeted him for arrest (*Id.* at ¶ 22), caused, prompted or induced "by influence, promise or coercion" all the aforementioned acts of the Omaha Police and the County Attorneys (*Id.* at 23), and that they also participated in the conspiracy mentioned above (*Id.* at 26).

Young filed this action on July 12, 2007, seeking to recover $25,000 in attorneys fees, general damages, and court costs.  (*See* Filing No. 1.)  The Johnsons moved to dismiss on September 10, 2007 (Filing No. 18) and the County Attorneys moved to dismiss on September 12, 2007 (Filing No. 22).

## II. DISCUSSION

A. Motion to Dismiss Standard

After a plaintiff files a complaint, the Federal Rules of Civil Procedure permit certain defenses to be asserted by motion.  Fed. R. Civ. P. 12(b).  Among these defenses is the motion to dismiss for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  When considering a motion to dismiss under Rule 12(b)(6), well-pled allegations are

considered to be true and are viewed in the light most favorable to the plaintiff. *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). The issue in resolving a motion to dismiss is whether the plaintiff is entitled to offer evidence in support of his claim, not whether he will ultimately prevail. *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989). In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied,* 439 U.S. 1070 (1979). Thus, a dismissal under Rule 12(b)(6) is likely to be granted "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill*, 580 F.2d at 306. "At the very least the complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. General Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).

Although the complaint must contain facts, an extensive factual statement is unnecessary. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007) (citing *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. ___, 127 S.Ct. 1955 (2007)).  "In addition, when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  *Erickson*, 127 S.Ct. at 2200 (citing *Twombly*, 127 S.Ct. at 1955).  Although the truth of factual allegations is accepted for the purposes of ruling on a motion to dismiss, courts give "no effect to conclusory allegations of law.  The plaintiff must assert facts that affirmatively and plausibly suggest that the pleader has the right he claims . . . rather than facts that are merely consistent with such a right."  *Stalley v. Catholic Health Initiatives*, 2007 WL 4165751, *2 (8th Cir. 2007) (internal citations omitted).

B. Jim Johnson and Bridget Johnson

      The allegations in Young's complaint are inadequate to give Jim Johnson and Bridget Johnson fair notice of what Young's claim against them is and the grounds upon which it rests.  The only mention of either of these defendants in the complaint is that Jim Johnson was employed by the Omaha World Herald and that Michael Cox of Koley Jessen was their attorney (Compl. ¶¶ 15, 16).  Young alleges on information and belief that these defendants "by influence, promise or coercion caused, prompted or induced" the actions of the County Attorneys and the Omaha Police and that they were "engaged in a conspiracy" with these parties (Compl. ¶¶ 24, 26).  However, the conspiracy allegation is a bare legal conclusion insufficient to support a claim that satisfied Fed.R.Civ.P. 8(a)(2).  These allegations suggest nothing more

-5-

than concerned parents acting, if they acted at all, to see that justice was done for their daughter.  There is no plausible suggestion of a conspiracy here.  If Jim Johnson and Bridget Johnson did something that causes them to be in this lawsuit, the complaint must notify them what specifically it was.  The complaint here does not provide them with such notice.  The Court concludes that the claims against Jim Johnson and Bridget Johnson should be dismissed.

C. Jenna Johnson

Although the claims Young attempts to state against Jim Johnson and Bridget Johnson are similar in some ways to that stated against Jenna Johnson, the allegations differ in one important respect.  Young alleges facts against Jenna Johnson which state or imply that Ms. Johnson made false statements during the investigation of the criminal case against him (*See* Compl. ¶¶ 6-11) and that she made those statements in furtherance of a conspiracy to harm Young (Compl. ¶ 11).  As mentioned above, the Court's task here is not to determine whether Young will ultimately be able to prove the claims he makes, but merely whether he is entitled to offer evidence in support of his claim.  Assuming the truth of the allegations in Young's complaint and granting him the benefit of all reasonable inferences therefrom, Young has stated a claim against Ms. Johnson.  Therefore the motion to dismiss will be denied as to Jenna Johnson.

D. County Attorneys

As to the County Attorneys, Young's allegations, taken as true, are that the county had a policy, custom, rule or practice of filing criminal charges based upon influence of third parties; tampering with evidence and directing the Omaha Police to tamper with evidence; wrongful seizure of persons and property; targeting individuals for arrest; conducting illegal searches; providing false information to prospective witnesses in criminal matters; distributing wrongfully obtained property; and conducting investigatory discovery in criminal matters contrary to law (Compl. ¶ 29).  Young alleges the individual defendants violated state law by falsely imprisoning him, maliciously prosecuting him, and abusing process (Compl. ¶¶ 34, 38, 39, 42). The County Attorneys argue that they are absolutely immune from suit.  However, there are questions of fact related to whether the acts complained of are within the scope of their employment. These allegations plausibly state a claim.  Therefore, the Court declines to grant the County Attorneys' motion to dismiss.

### III. CONCLUSION

For the forgoing reasons, the Court concludes that Young's claims against Jim Johnson and Bridget Johnson should be dismissed without prejudice, and his claims against Jenna Johnson and the County Attorneys should be allowed to proceed. Accordingly,

IT IS ORDERED:

1) Defendants Jenna Johnson, William Johnson, and Bridget Johnson's motion to dismiss (Filing No. 18) is granted in

part and denied in part.  The motion as to William Johnson and Bridget Johnson is granted; the complaint against said defendants is dismissed without prejudice.  The motion as to Jenna Johnson is denied.

    2) Defendants Stuart Dornan, Sandra Denton, Matthew Kahler, and Douglas County's motion to dismiss (Filing No. 22) is denied.

    DATED this 18th day of December, 2007.

                  BY THE COURT:

                  /s/ Lyle E. Strom
                  _____
                  LYLE E. STROM, Senior Judge
                  United States District Court