IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID YOUNG, ) | | |
| ) | | |
| Plaintiff, ) | | 8:07CV265 |
| ) | | |
| v. ) | | |
| ) | | |
| STUART J. DORNAN, individually ) | | ORDER |
| and in his official capacity; ) | | |
| DOUGLAS COUNTY, NEBRASKA, a ) | | |
| political subdivision of the ) | | |
| State of Nebraska; CITY OF ) | | |
| OMAHA, a political sub- ) | | |
| division of the State of ) | | |
| Nebraska; JENNA R. JOHNSON; ) | | |
| SANDRA L. DENTON, ) | | |
| individually and in her ) | | |
| official capacity; MATTHEW R. ) | | |
| KAHLER, individually and in ) | | |
| his official capacity; ANGIE ) | | |
| CIRCO, individually and in ) | | |
| her official capacity; ALAN ) | | |
| REYES, individually and in ) | | |
| his official capacity; ) | | |
| TERESA NEGRON, individually ) | | |
| and in her official capacity; ) | | |
| JOHN DOE #1, real and true ) | | |
| name unknown; JANE DOE #2, ) | | |
| real and true name unknown, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

This matter is before the Court on plaintiff David Young's motion to direct the entry of a final judgment as to the defendant Jennifer Thompson and the defendants William Johnson and Bridget Johnson (Filing No. 53). Young requests that the Court expressly rule that there is no just reason for delay and direct the entry of a final appealable judgment as to these defendants. After review of the motion, Young's brief, and a review of the applicable law, the Court finds that the motion should be denied.

District courts may "direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Fed. R. Civ. P. 54(b). However, "certifications 'under Rule 54(b) should neither be granted routinely nor as an accommodation to counsel.'" *Guerrero v. J.W. Hutton, Inc.*, 458 F.3d 830, 833 (8th Cir. 2006)(citing *Hardie v. Cotter & Co.*, 819 F.2d 181, 182 (8th Cir. 1987)).

The Supreme Court has outlined a process to determine whether a motion requesting a judgment be made final pursuant to Rule 54(b) should be granted. "A district court must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7-8 (1980). Here, the Court finds that the orders granting summary judgment to defendant Thompson and granting the motion to dismiss as to the defendants Johnson are final judgments. The decisions were based upon cognizable claims for relief that each of the defendants engaged in a conspiracy to harm Young. The decisions were final because as the parties were terminated, there were clearly ultimate dispositions of individual claims.

"Once having found finality, the district court must go on to determine whether there is any just reason for delay. Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright*, 446 U.S. at 8. The claims here are separable from the remaining claims, and therefore the question becomes under what circumstances just reasons for delay exist. In considering whether to grant the motion, courts "must take into account judicial administrative interests as well as the equities involved." *Id.* It is necessary to consider the judicial administrative interest in order to "assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals.'" *Id.*

In addition to the equities of the case, some of the factors the *Curtiss-Wright* Court held were proper to review when considering the judicial administrative interest are "whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Id.* The claims at issue here are separable from the others in the sense that they are against only three of many defendants. However, Young claims that there is a common factual nexus between each of the defendants, to wit: a conspiracy among them. More specifically, Young asserts that each of these

-3-

defendants was part of a conspiracy with each other defendant to harm him.  Given this fact, it is conceivable that either Young or another party, disappointed with the result of the case, will choose to appeal issues related to whether and to what extent such a conspiracy existed.  In that event, it would be necessary for the factual issues raised here to be reviewed again.  In view of this and other factors, the Court finds that the motion should be denied.

Young argues that this Court "can find that there is no just reason for delay if the disposition of the appeals with regard to these three defendants will not impact the remaining claims before the District Court.  In such an instance, the Circuit would find such a certification as not being an abuse of discretion." (Pl.'s Br. at 4.)  Even if this is true, Young's approach does not address the *Curtiss-Wright* factors which argue against granting the motion.  In other words, although Young argues that the Court could grant the motion, review of the factors indicate that it should be denied.  Accordingly,

IT IS ORDERED that plaintiff's motion for entry of final judgment pursuant to Rule 54(b) with regard to the defendants, Jennifer Thompson, William J. Johnson and Bridget Johnson (Filing No. 53) is denied.

DATED this 29th day of January, 2008.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court