IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

DAVID YOUNG,                     )
                                 )
                Plaintiff,       )        8:07CV265
                                 )
        v.                       )
                                 )
STUART J. DORNAN, individually)          MEMORANDUM AND ORDER
and in his official capacity; )
DOUGLAS COUNTY, NEBRASKA, a      )
political subdivision of the     )
State of Nebraska; CITY OF       )
OMAHA, a political sub-          )
division of the State of         )
Nebraska; JENNA R. JOHNSON;      )
SANDRA L. DENTON,                )
individually and in her          )
official capacity; MATTHEW R.    )
KAHLER, individually and in      )
his official capacity;           )
ANGIE CIRCO, individually and    )
in her official capacity; ALAN)
REYES, individually and in       )
his official capacity;           )
TERESA NEGRON, individually      )
and in her official capacity; )
JOHN DOE #1, real and true       )
name unknown; JANE DOE #1,       )
real and true name unknown,      )
                                 )
                Defendants.      )
_____)

        This matter is before the Court on defendant Jenna

Johnson's motion to compel (Filing No. 67), defendants City of

Omaha, Angie Circo, Alan Reyes, and Teresa Negron's

(collectively, the "City Defendants") motion to strike (Filing

No. 74), the City Defendants' motion to compel discovery (Filing

No. 82), Johnson's joinder in the City Defendants' motion to

compel (Filing No. 89), defendants Stuart J. Dornan, Sandra L.

Denton, Matthew R. Kahler, and Douglas County, Nebraska's

(collectively, the "County Defendants") joinder in the City

Defendants' and Johnson's motions to compel discovery (Filing No. 93), plaintiff David Young's motion for a protective order and to terminate or limit (Filing No. 97), the City Defendants' motion to strike (Filing No. 72), and Young's motion to restrict access (Filing No. 101).  Upon review of the motions, the briefs and evidentiary submissions of the parties, and the applicable law, the Court finds that the defendants' motions to compel should be granted, Young's motion for a protective order and to terminate or limit should be denied, Johnson's motion to compel should be granted in part and denied in part, the City Defendants' motion to strike should be granted, and Young's motion to restrict access should be granted.

### David Young's Deposition

Young moves for an order terminating or limiting discovery pursuant to Fed. R. Civ. P. 30(d)(3), as well as for a protective order pursuant to Rule 26(c).  Rule 30(d)(3)(A) provides that

> [a]t any time during a deposition, the deponent . . . may move to terminate or limit it on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent . . . . If the objecting deponent or party so demands, the deposition must be suspended for the time necessary to obtain an order.

Rule 30(d)(3)(B) authorizes courts to issue orders to terminate or limit as provided in Rule 26(c).  Rule 26(c) provides that the Court may "for good cause issue an order to protect a party . . .

-2-

from annoyance, embarrassment, oppression, or undue burden or expense . . ." and in particular may, among other things, forbid the disclosure or discovery, limit its scope, or specify its terms.  *See* Fed. R. Civ. P. 26(c).

At the May 19, 2008, deposition of plaintiff David Young, counsel for the various defendants asked questions in three areas that Young seeks to exclude from discovery: (1) the events of June 4-5, 2005; (2) matters appearing in Young's allegedly illegally obtained Creighton records; and (3) Young's health care and records.  When defense counsel attempted to raise these issues, Young's counsel informed them that he regarded questions bearing on these matters as unreasonably annoying, embarrassing, or oppressive to his client and repeatedly indicated that he would suspend the deposition if counsel persisted in questioning about them.  Counsel then moved on to other areas and later filed motions to compel Young to respond to their questions in these areas.  (*See* Filing Nos. 82, 89, 93.)

Young's argument that the Court should prohibit discovery related to the events of June 4-5, 2005, is unavailing. Despite Young's attempt to frame this case as relating solely to issues which occurred after these events, the "incident" and the later decisions to investigate and prosecute are inextricably intertwined.  Young's credibility is at issue, he alleges that he was arrested without probable cause, and he propounds a factually different version of the events of that night.  Although the ultimate issues in this case may revolve around what the

-3-

defendants knew after the incident, discovery may be had not only on issues that are directly relevant, but also those that are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(2)(C). Questioning Young about the events that gave rise to the criminal case is so calculated. Although Young may find the questioning somewhat annoying, embarrassing, or oppressive, he has answered similar questions about this incident in the past, and the Court finds that it is reasonable to require him to do so again.

Young misunderstands what effect, if any, the alleged illegal seizure of the Creighton records could have on discovery in this case. Whether the Creighton records are or are not admissible into evidence is not before the Court at this time. Neither is the question of whether the records are privileged or not. The question before the Court is whether the defendants can conduct discovery regarding events which are discussed in the Creighton records. Regardless of whether the records were or are privileged, other evidence of the facts that those records describe is not immune from discovery. Even assuming for the sake of argument that the seizure of records was in fact illegal, that any privilege has not been waived or otherwise destroyed, and that the fruit of the poisonous tree doctrine applies in civil cases, nothing bars *discovery* of evidence derived from unlawfully obtained evidence. Admissibility is another, and later, question, but evidence about information contained in the Creighton records is clearly relevant to Young's credibility and

-4-

reputation damages, and the discovery is at least reasonably calculated to lead to the discovery of admissible evidence.  The defendants may discover information about the facts and circumstances mentioned in the Creighton records.

Young claims the psychotherapist-patient privilege shields him from discovery about "health care and records."  It is true that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence."  *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996).  However, Young has alleged emotional distress damages in this case and "by placing [his] medical condition at issue, [Young] waived the psychotherapist-patient privilege."  *Schoffstall v. Henderson*, 223 F.3d 818, 823 (8th Cir. 2000).  Moreover, even if Young could claim the privilege, which he cannot, it would only apply to confidential communications between Young and the psychotherapist.  It would not immunize from discovery the behaviors, such as cutting himself, for which he may have been seeking therapy.  Thus, Young's motion for a protective order and to terminate or limit (Filing No. 97) should be denied and the defendants' motions to compel (Filing Nos. 82, 89, 93) should be granted.

### The City Defendants' Motion to Strike

The City Defendants move to strike "plaintiff's supplementary 26(f) report" (Filing No. 72) on the ground that it

-5-

is not a joint report as contemplated by the rule.  Fed. R. Civ.
P. 26(f) provides that the parties are "jointly responsible for
. . . submitting to the court . . . a written report outlining
the [discovery] plan."  Such a report was jointly submitted by
the parties on November 7, 2007.  (*See* Filing No. 35.)  However,
Young later submitted a document entitled "plaintiff's
supplementary 26(f) report" (Filing No. 72).  Rule 26(f) does not
contemplate that the parties file individual supplements to the
report, and Young's filing does not purport to be anything but an
individual supplement.  Inasmuch as it is not a joint filing,
this document cannot be a supplementary Rule 26(f) report.  It is
therefore a nullity and the City Defendants' motion to strike
will be granted.

### Interrogatories and Requests for Production

Defendant Johnson has moved pursuant to Fed. R. Civ. P.
37 to compel responses to interrogatories and production of
requested documents from Young (Filing No. 67).  Young objected
to Johnson propounding more than the 25 interrogatories allowed
under Rule 33.  (*See* Filing No. 77, at 7.)  However, Young has
not objected to Johnson's requests for production of documents.

Fed. R. Civ. P. 33(a)(1) provides that "[u]nless
otherwise stipulated or ordered by the court, a party may serve
on any other party no more than 25 written interrogatories,
including all discrete subparts. . . ."  It is undisputed that

-6-

Johnson served at least 34 interrogatories upon Young.[1]  (*See* Filing No. 67-3.)  The Court finds that because of the excessive number of interrogatories, it should not compel Young to answer them all.  However, Young also should not be permitted to select which interrogatories he would prefer to respond to.  Therefore, Johnson shall be permitted to withdraw her first set of interrogatories and to substitute them with another set or sets.

Therefore, the Court finds that Johnson's motion to compel should be granted with respect to the requests for production of documents, and denied with respect to the interrogatories, without prejudice to refiling.

### Motion to Restrict Access

Young seeks to restrict access to certain records he has filed in this case.  (*See* Filing Nos. 100, 101.)  No defendant has opposed this motion.  The Court notes that the records appear to contain medical and psychological information, and, potentially, information regarding a victim of criminal activity and educational records.  The Court may restrict access to these records pursuant to NECivR 5.3(c), and 5.3(b)(3), (8), and (11).  Because the records contain sensitive information, the

---

[1] The number of interrogatories in Johnson's request may substantially exceed even this number.  Counsel is cautioned to review NECivR 33.1(c), which states in pertinent part that "each inquiry that endeavors to discover a discrete item of information shall be counted as a separate interrogatory.  For example, a question which states: 'Please state the name, address, and telephone number of any witness to the accident set forth in the complaint' shall be counted as three (3) interrogatories."

Court will grant the motion, subject to reconsideration at a later point in this litigation.

## Attorney's Fees

The City Defendants have moved for reasonable attorney's fees necessitated by Young's suspension of the deposition and failure to answer deposition questions (*See* Filing No. 82, at 2). The Court is authorized to award attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(A). However, the Court must not order attorney's fees if the "nondisclosure, response, or objection was substantially justified" or if such an award would otherwise make the award unjust. *See* Rule 37(a)(5)(A)(ii), (iii). Here, the Court finds that the suspension of Young's deposition was substantially justified and that an award of fees would be unjust under the circumstances. There is no evidence that Young's counsel suspended the deposition in bad faith or for an improper purpose. Nor is there any evidence that Young refused to answer any of the questions. Young's counsel suspended the deposition in order to move for a protective order, and while unsuccessful, the Court finds that the motion was not so frivolous as to merit an award of attorney's fees. Thus the City Defendants' prayer for attorney's fees will be denied.

## Conclusion

Young must answer the defendants' deposition questions and produce the documents Johnson has requested. However, he need not answer more than 25 interrogatories and access to certain of his records should be limited. Accordingly,

IT IS ORDERED:

1) The City Defendants' motion to compel discovery (Filing No. 82) is granted in part but denied with respect to attorney's fees;

2) Johnson's joinder in the City Defendants' motion to compel (Filing No. 89) and the County Defendants' joinder in the City Defendants' and Johnson's motions to compel discovery (Filing No. 93) are granted;

3) Young's motion for a protective order and to terminate or limit (Filing No. 97) is denied;

4) At a time mutually agreed upon by the parties, plaintiff David Young's deposition shall continue.  Young is ordered to answer defense counsel's questions in all areas discussed above;

5) Johnson's motion to compel (Filing No. 67) is granted in part and denied in part;

6) Within ten days of this order, Young shall produce to Johnson any discoverable documents identified in Filing No. 67-4 that he has not previously produced;

7) The City Defendants' motion to strike (Filing No. 74) is granted;

8) Young's motion to restrict access (Filing No. 101) is granted; and

9) A scheduling conference shall be held in this matter on **Wednesday, October 15, 2008, at 8:15 a.m. in Judge Strom's chambers**, 111 South 18th Plaza, Suite 3190, Omaha, Nebraska.

DATED this 23rd day of September, 2008.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-10-