# Thibault, Suhr & Thibault, Inc.

Suite 107
6818 Grover Street
Omaha, NE 68106
(402) 331-2500  (402) 331-1198 (Fax)

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/4/2008 | 6095 |

**To**

Mr. Alan Thelen
Attorney at Law
City of Omaha Law Department
1819 Farnam Street, Suite 804
Omaha NE 68183

| Court Repor... | Job Date | Delivery Via | Case | |
|---|---|---|---|---|
| AJT | 10/9/2008 | Griffs | Young v. Dornan | |

| Unit | Description | Witness | Price ... | Amount |
|------|-------------|---------|-----------|--------|
| 109 | Copy | Patrick J. Borchers | 1.00 | 109.00 |
| 131 | Exhibits | On CD only | 0.20 | 26.20 |
| 7 | | Exhibit Tabs | 0.20 | 1.40 |
| | Delivery | February 4, 2008 | 4.25 | 4.25 |
| | | David J. Young | | |
| | | v. | | |
| | | Stuart J. Dornan et al | | |

| | **Total** | **$140.85** |
|---|---|---|

MAKE CHECKS PAYABLE TO:
Thibault, Suhr & Thibault, Inc.
Fed I.D. 47-0623076

PLEASE RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.  Thanks.

# TWIN CITY REPORTERS, Ltd.

421 West Broadway
Suite 405
Council Bluffs, IA 51503-9046

Phone (712) 325-6109
Fax (712) 309-0280

* NEBRASKA GENERAL NOTARIES
* IOWA CERTIFIED REPORTERS

TO:   **ALAN M. THELEN**
Assistant City Attorney
City of Omaha Law Department
Omaha/Douglas Civic Center
1819 Farnam Street, Suite 804
Omaha, NE 68183

RE:   YOUNG vs. DORNAN, et al.
U. S. DISTRICT COURT, DISTRICT OF NEBRASKA
CASE NO. 8:07-cv-00265

INVOICE NO.   **4244 NJ**

--------------------------------------------------------------------------------

DATE DELIVERED:   June 6, 2008      HAND DELIVERED

For providing a standard copy, condensed copy, keyword index, and ASCII disk of the videotaped deposition of **DAVID J. YOUNG** taken on May 19, 2008, in Omaha, Nebraska, in the above-mentioned case. A copy of the exhibits was not requested. The exhibits are with the original transcript. Read and Sign transcript in the care of Mr. Thomas Young.

| | |
|---|---:|
| COPY COST | $315.00 |
| ASCII | 10.00 |
| **TOTAL** | **$325.00** |

THANK YOU FOR YOUR PATRONAGE

DUE AND PAYABLE UPON RECEIPT

PLEASE RETURN COPY WITH PAYMENT PAYABLE TO:

TWIN CITY REPORTERS, LTD.
P.O. BOX 1982
COUNCIL BLUFFS, IA 51502

FIDN: 47-0729038

OK AMT

ORIGINAL

# Cynthia A. Craig, Court Reporter

# INVOICE

MATHESON-TAULBORG COURT REPORTERS
7602 Pacific Street, Suite LL101
Omaha, Nebraska 68114
(402) 397-9669

INVOICE #:    506
DATE:    June 5, 2008
CASE:    Young vs. Dornan

**Bill To:**
MR. ALAN M. THELEN
CITY OF OMAHA LAW DEPARTMENT
804 Civic Center
1819 Farnam Street
Omaha, Nebraska 68183-0001

## MAKE CHECKS PAYABLE TO
## CYNTHIA A. CRAIG
## TAX I.D. 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

| DESCRIPTION | AMOUNT |
|---|---|
| Original, copy and condensed copy of the depositions taken on May 22, 2008 | |
| along with exhibits and an ASCII sent via email | |
| James Martin Davis | 362.25 |
| Jennie L. Young | 538.25 |
| **TOTAL** | $    900.50 |

<u>Make all checks payable to CYNTHIA A. CRAIG, TAX I.D. 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</u>
THANK YOU FOR YOUR BUSINESS!

OK AM

# TWIN CITY REPORTERS, LTD.

421 West Broadway
Suite 405
Council Bluffs, IA 51503-9046

Phone (712) 325-6109
Fax (712) 309-0280

* NEBRASKA GENERAL NOTARIES
* IOWA CERTIFIED REPORTERS

TO: **ALAN M. THELEN**
Assistant City Attorney
City of Omaha Law Department
Omaha/Douglas Civic Center
1819 Farnam Street, Suite 804
Omaha, NE 68183

RE: YOUNG vs. DORNAN, et al.
U.S. DISTRICT COURT, DISTRICT OF NEBRASKA
CASE NO. 8:07-cv-00265

INVOICE NO. **4837 NJ**

---

**DATE DELIVERED:** January 23, 2009

For providing a standard copy, condensed copy, keyword index, and ASCII disk of the videotaped deposition of **DAVID J. YOUNG** taken on January 8, 2009, in Omaha, Nebraska, in the above-mentioned case. The exhibits are with the original transcript. Read and Sign transcript in the care of Mr. Thomas Young.

| | |
|---|---|
| STANDARD COPY COST | $ 88.75 |
| ASCII | 10.00 |
| POSTAGE & HANDLING | 8.95 |
| **TOTAL** | **$107.70** |

### THANK YOU FOR YOUR PATRONAGE

### DUE AND PAYABLE UPON RECEIPT

### PLEASE RETURN COPY WITH PAYMENT PAYABLE TO:

TWIN CITY REPORTERS, LTD.
P.O. BOX 1982
COUNCIL BLUFFS, IA 51502-1982

FIDN: 47-0729038

OK AMT



# Thibault, Suhr & Thibault, Inc.

# Invoice

Suite 107
6818 Grover Street
Omaha, NE 68106
(402) 331-2500   (402) 331-1198 (Fax)

| Date | Invoice # |
|------|-----------|
| 5/19/2009 | 6570 |

**To**

Mr. Alan Thelen
Attorney at Law
City of Omaha Law Department
1819 Farnam Street, Suite 804
Omaha  NE  68183

| Court Repor... | Job Date | Delivery Via | Case |
|---|---|---|---|
| AJT | 5/14/2009 | Griffs | Young v. Dornan |

| Unit | Description | Witness | Price ... | Amount |
|---|---|---|---|---|
| 90 | Copy | Jenna Johnson | 1.20 | 108.00 |
| 30 | Copy | William Johnson   2 COPIES | 1.20 | 36.00 |
| 29 | Copy | John Villwok   & " | 1.20 | 34.80 |
| | Subtotal | | | 178.80 |
| | Exhibits | None Copied | 0.00 | 0.00 |
| | Delivery | May 19, 2009 | 4.50 | 4.50 |
| | | David J. Young | | |
| | | v. | | |
| | | Stuart J. Dornan et al | | |

PAYMENT IN FULL
WITHIN 30 DAYS

| **Total** | $183.30 |
|---|---|

MAKE CHECKS PAYABLE TO:
Thibault, Suhr & Thibault, Inc.
Fed I.D. 47-0623076

PLEASE RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.  Thanks.   *OK AmT*

# Thibault, Suhr & Thibault, Inc.

# Invoice

Suite 107
6818 Grover Street
Omaha, NE 68106
(402) 331-2500   (402) 331-1198 (Fax)

| Date | Invoice # |
|---|---|
| 7/10/2009 | 76610 |

| To |
|---|
| Mr. Alan Thelen<br>Attorney at Law<br>City of Omaha Law Department<br>1819 Farnam Street, Suite 804<br>Omaha NE 68183 |

| Court Repor... | Job Date | Delivery Via | Case |
|---|---|---|---|
| SB | 6/29/2009 | Griffs | Young v. Dornan |

| Unit | Description | Witness | Price ... | Amount |
|---|---|---|---|---|
| 174 | Copy | Matthew R. Kahler | 1.20 | 208.80 |
| 87 | Exhibits | | 0.20 | 17.40 |
| | Delivery | July 10, 2009 | 4.50 | 4.50 |
| | | | | |
| | | David J. Young | | |
| | | v. | | |
| | | Stuart J. Dornan et al | | |

| | Total | $230.70 |
|---|---|---|

MAKE CHECKS PAYABLE TO:
Thibault, Suhr & Thibault, Inc.
Fed I.D. 47-0623076

PLEASE RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.  Thanks.

*OK AMT*

# Thibault, Suhr & Thibault, Inc.

Suite 107
6818 Grover Street
Omaha, NE 68106
(402) 331-2500  (402) 331-1198 (Fax)

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/21/2009 | 6629 |

| To |
|----|
| Mr. Alan Thelen<br>Attorney at Law<br>City of Omaha Law Department<br>1819 Farnam Street, Suite 804<br>Omaha NE 68183 |

| Court Repor... | Job Date | Delivery Via | Case |
|----------------|----------|--------------|------|
| AJT | 7/15/2009 | Griffs | Young v. Dornan |

| Unit | Description | Witness | Price ... | Amount |
|------|-------------|---------|-----------|--------|
| 140 | Copy | Sandra Denton | 1.20 | 168.00 |
| 144 | Copy | Angie Circo | 1.20 | 172.80 |
| 72 | Copy | Allen Reyes | 1.20 | 86.40 |
| | Subtotal | | | 427.20 |
| 20 | Exhibits | Sandra Denton | 0.20 | 4.00 |
| 112 | Exhibits | Angie Circo | 0.20 | 22.40 |
| 123 | Exhibits | Allen Reyes | 0.20 | 24.60 |
| 16 | | Exhibit Tabs | 0.20 | 3.20 |
| | Delivery | 2 Deliveries | 9.00 | 9.00 |
| | | David J. Young<br>v.<br>Stuart J. Dornan et al | | |

PAYMENT IN FULL
WITHIN 30 DAYS

| Total | $490.40 |
|-------|---------|

MAKE CHECKS PAYABLE TO:
Thibault, Suhr & Thibault, Inc.
Fed I.D. 47-0623076

PLEASE RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.  Thanks.

AJ

# INVOICE

Thomas & Thomas Court Reporters
P.O. Box 31250
Omaha, NE 68131
Phone:402-556-5000  Fax:402-556-2037

| Invoice No. | Invoice Date | Job No. |
|---|---|---|
| 15265 | 7/24/2009 | 31660 |
| **Job Date** | **Case No.** | |
| 7/13/2009 | 8:07 CV 265 | |
| **Case Name** | | |
| David J. Young v Dornan and City of Omaha et al | | |
| **Payment Terms** | | |
| Due upon receipt | | |

Alan M. Thelen
City of Omaha Law Department
804 Civic Center, 1819 Farnam Street
Omaha, NE 68183

---

ORIGINAL AND 1 CERTIFIED COPY OF TRANSCRIPT OF:

| | | |
|---|---|---|
| Todd Murphy | | 567.20 |
| Hourly | 3.50 Hours | 77.00 |
| Appearance after 5:00 pm | 0.50 Hours | 18.00 |
| | **TOTAL DUE >>>** | **$662.20** |
| | AFTER 8/23/2009 PAY | $695.31 |

Please attach copy of invoice with payment. Thank you.

HOW THOMAS & THOMAS CAN SAVE YOU TIME AND MONEY:
*Covering all of Nebraska and Iowa
*Nationwide Scheduling - No COD Charges
*Video Conferencing- Reduce wasted travel time and high travel charges
*Word Searchable Transcripts in a variety of formats:
   -E- Transcript
   -Word Document
   -Word Pad
   -PDF
*Covering Lincoln and Fremont at no additional charge

**Tax ID:** 47-0841603

Phone: 402-444-5115   Fax:402-444-5125

---

*Please detach bottom portion and return with payment.*

Alan M. Thelen
City of Omaha Law Department
804 Civic Center, 1819 Farnam Street
Omaha, NE 68183

Job No.     : 31660          BU ID       : 1-MAIN
Case No.    : 8:07 CV 265
Case Name  : David J. Young v Dornan and City of Omaha et al

Invoice No. : 15265          Invoice Date : 7/24/2009
**Total Due  : $ 662.20**
AFTER 8/23/2009 PAY $695.31

Remit To: **Thomas & Thomas Court Reporters**
        **P.O. Box 31250**
        **Omaha, NE 68131**

| PAYMENT WITH CREDIT CARD | AMEX MASTERCARD VISA |
|---|---|
| Cardholder's Name: | |
| Card Number: | |
| Exp. Date: | Phone#: |
| Billing Address: | |
| Zip: | Card Security Code: |
| Amount to Charge: | |
| Cardholder's Signature: | |


OK AMY

# Thibault, Suhr & Thibault, Inc.

Suite 107
6818 Grover Street
Omaha, NE 68106
(402) 331-2500   (402) 331-1198 (Fax)

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/17/2009 | 4846 |

| To |
|----|
| Mr. Alan Thelen<br>Attorney at Law<br>City of Omaha Law Department<br>1819 Farnam Street, Suite 804<br>Omaha  NE  68183 |

| Court Repor... | Job Date | Delivery Via | Case |
|----------------|----------|--------------|------|
| GT | 8/7/2009 | US Mail | Young v. Dornan |

| Unit | Description | Witness | Price ... | Amount |
|------|-------------|---------|-----------|--------|
| 30 | Copy | Jennifer A. Thompson | 1.20 | 36.00 |
| 2 | Exhibits | | 0.20 | 0.40 |
| | Delivery | US Mail 8/18/09 | 2.75 | 2.75 |
| | | David J. Young<br>v.<br>Stuart J. Dornan et al | | |

PAYMENT IN FULL WITHIN 30 DAYS

| | Total | $39.15 |
|--|-------|--------|

MAKE CHECKS PAYABLE TO:
Thibault, Suhr & Thibault, Inc.
Fed I.D. 47-0623076

PLEASE RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.  Thanks.

OK AMT

**MICHELLE BREZINSKI**
**Court Reporter**
7602 Pacific Street, Suite LL101
Omaha, Nebraska  68114
(402) 397-9669

Date: August 24, 2009
RE: Young vs. City of Omaha,
Johnson, et al.

PLEASE MAKE CHECK PAYABLE TO:
MICHELLE BREZINSKI
TAX I.D. 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

TO:   Mr. Alan M. Thelen
      Assistant City Attorney
      City Attorney's Office
      804 Civic Center
      1819 Farnam Street
      Omaha, Nebraska  68183

==================================================================

8-21-09 | Deposition of Sarah Arpin
        | Appearance, original plus one copy,
        | obtaining signature and delivery       $246.50
        |
        |
        |
        |
        |
        |
        |
        |
        |
        |
        |
        |
        |
        | Total amount due                        $246.50
        |
        |
        |

MATHESON-TAULBORG COURT REPORTERS
Thank you!
We appreciate your business!

OK Amt

# Thibault, Suhr & Thibault, Inc.

# Invoice

Suite 107
6818 Grover Street
Omaha, NE 68106
(402) 331-2500   (402) 331-1198 (Fax)

| Date | Invoice # |
|------|-----------|
| 7/13/2009 | 76623 |

| To |
|----|
| Mr Timothy Himes, Sr.<br>City of Omaha Law Department<br>Suite 804<br>1819 Farnam Street<br>Omaha NE 68183 |

| Court Repor... | Job Date | Delivery Via | Case | |
|----------------|----------|--------------|------|--|
| JP | 6/30/2009 | Griffs | Youn gv. Dornan | |

| Unit | Description | Witness | Price ... | Amount |
|------|-------------|---------|-----------|--------|
| 107 | Copy | Stuart J. Dornan | 1.20 | 128.40 |
| 25 | Copy | Teresa Neron | 1.20 | 30.00 |
| | Subtotal | | | 158.40 |
| 18 | Exhibits | Stuart J. Dornan | 0.20 | 3.60 |
| 31 | Exhibits | Teresa Negron | 0.20 | 6.20 |
| | Delivery | July 13, 2009 | 4.51 | 4.51 |
| | | David J. Young<br>v.<br>Stuart J. Dornan et al | | |

*OK TO PAY TH*

| | Total | $172.71 |
|--|-------|---------|

MAKE CHECKS PAYABLE TO:
Thibault, Suhr & Thibault, Inc.
Fed I.D. 47-0623076

PLEASE RETURN A COPY OF THIS INVOICE WITH YOUR CHECK.  Thanks.

# INVOICE

Hurley Reporting, Inc.
TAX ID: 26-2286122
Julie L. Hurley, CCR, RMR, CRR
Official Court Reporter
1701 Farnam Street, #9
Omaha, Nebraska 68183
(402) 444-7013

December 10, 2009

Mr. Alan Thelen
Assistant City Attorney
1819 Farnam Street
Omaha, NE 68183

via e-mail

DESCRIPTION:

State v. David Young,
Douglas County, Nebraska,  167-952

Transcript of jury trial
PDF submitted via e-mail

1/3 total cost ($3370.25) split between defendants in federal lawsuit

**TOTAL PAID ON ACCOUNT 2008 ....…......................…..$1123.42**

**Thank you for your business.**

**All copies of a Bill of Exceptions must be purchased by contacting me personally.
Copies may be purchased in paper or electronic format at 50 cents per page per
Supreme Court Rules.**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID J. YOUNG, )
)
Plaintiff, )
)
vs. )
)
STUART J. DORNAN, individually )
and in his official capacity; )
DOUGLAS COUNTY, NEBRASKA, )
a political subdivision of the State of )
Nebraska; CITY OF OMAHA, a )
political subdivision of the State of )
Nebraska; JENNA R. JOHNSON; )
WILLIAM J. JOHNSON; )
BRIDGETTE JOHNSON; SANDRA )
L. DENTON, individually and in her )
official capacity; MATTHEW )
R. KAHLER, individually and in his )
official capacity; JENNIFER )
THOMPSON, individual and in her )
Official capacity; ANGIE CIRCO, )
individually and in her official capacity; )
ALAN REYES, individually and in )
his official capacity; TERESA )
NEGRON, individually and in her )
official capacity; JOHN DOE #1, )
real and true name unknown; JANE )
DOE #1, real and true name unknown, )
)
Defendants. )

Case No. 8:07CV265

**SUBPOENA DUCES TECUM**

TO:     James Martin Davis
        LAW OFFICES OF JAMES MARTIN DAVIS
        1623 Farnam Street, Suite 500
        Omaha, NE 68102-2106

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, **YOU ARE HEREBY COMMANDED** to appear and testify at a deposition on **May 22, 2008, at 9:00 a.m.,** at the

offices of Alan M. Thelen, Deputy City Attorney, Omaha/Douglas Civic Center, **1819 Farnam Street, Suite 804**, Omaha, Nebraska, and also at that time and place produce the following designated items:

1. All written agreements, memoranda, letters, or other documents evidencing the arrangement or agreement for the legal representation of David J. Young in the criminal case at issue herein.

2. All checks, check registers, invoices, billing statements, receipts, or other documents evidencing the charging and/or payment of fees and costs for the criminal defense of David J. Young.

3. All time sheets or other documents itemizing or otherwise evidencing legal services rendered to or for the benefit of David J. Young.

4. All correspondence, reports, or other documents transmitted by or to Todd Murphy or any agent of Universal Information Services, Inc. regarding David J. Young's criminal case at issue.

The term "documents" used above shall include paper documents, electronically stored information, or other tangible things.

Pursuant to NECivR 45.1(a), notice of this subpoena was given to adverse parties on April 9, 2008, and no timely objections were filed.

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of <u>Rule 26(b)(2)(C)</u>. The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

ISSUING OFFICER:
Attorney for Defendants

By Alan M. Thelen
 Deputy City Attorney
 804 Omaha/Douglas Civic Center
 1819 Farnam Street
 Omaha, NE 68183
 Telephone: 402/444-5115

PROOF OF SERVICE

SERVED ON: _James Martin Davis_

ADDRESS SERVED: _1623 Farnam #500_

_Omaha Ne_

DATE OF SERVICE: _4/28/08_

MANNER OF SERVICE: _Personally_

SERVED BY: _____

## DECLARATION OF SERVER

     I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

          Date

                                        _____

                                        Signature of Server

                                        Address of Server:

                                        _____

                                        _____

                                        _____

Received this writ on the ___25___ day of _April_ _18_ 2008
_____ ___28___ _April_ _18_ 2008
JAMES MARTIN DAVIS
DELIVERING TO HIM.
By ————— ———————————— _____ by reg'
... ... ... ... ... ... ... ... ... ... ... ... ... ... county,
Nebraska _____
45⁰⁰ Fee pd
to witness
Constable.

$ 25⁰⁰

$ 25⁰⁰

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

DAVID J. YOUNG,                                    )          **Case No. 8:07CV265**
                                                   )
        Plaintiff,                             )
                                                   )
    vs.                                            )          **SUBPOENA DUCES TECUM**
                                                   )
STUART J. DORNAN, individually                     )
and in his official capacity;                      )
DOUGLAS COUNTY, NEBRASKA,                           )
a political subdivision of the State of            )
Nebraska; CITY OF OMAHA, a                          )
political subdivision of the State of              )
Nebraska; JENNA R. JOHNSON;                         )
WILLIAM J. JOHNSON;                                )
BRIDGETTE JOHNSON; SANDRA                           )
L. DENTON, individually and in her                 )
official capacity; MATTHEW                          )
R. KAHLER, individually and in his                 )
official capacity; JENNIFER                         )
THOMPSON, individual and in her                    )
Official capacity; ANGIE CIRCO,                    )
individually and in her official capacity;         )
ALAN REYES, individually and in                    )
his official capacity; TERESA                       )
NEGRON, individually and in her                    )
official capacity; JOHN DOE #1,                     )
real and true name unknown; JANE                   )
DOE #1, real and true name unknown,                )
                                                   )
        Defendants.                            )

TO:    Jennie L. Young
        LAW OFFICES OF JAMES MARTIN DAVIS
        1623 Farnam Street, Suite 500
        Omaha, NE 68102-2106

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, **YOU ARE HEREBY**

**COMMANDED** to appear and testify at a deposition on **May 22, 2008, at 10:00 a.m.,** at the

offices of Alan M. Thelen, Deputy City Attorney, Omaha/Douglas Civic Center, **1819 Farnam Street, Suite 804**, Omaha, Nebraska, and also at that time and place produce the following designated items:

1.      All documents evidencing contacts between Jennie L. Young and any employees of the City of Omaha regarding David J. Young.

2.      All documents evidencing contacts between Jennie L. Young and any employees of the Douglas County Attorney's office regarding David J. Young.

3.      All documents evidencing any contacts between Jennie L. Young and Douglas County Court Judge Craig Q. McDermott regarding David J. Young.

4.      All documents evidencing any contacts between Jennie L. Young and Jenna Johnson, William Johnson, and/or Bridgett Johnson regarding David J. Young.

5.      All written agreements, memoranda, letters, or other documents evidencing the arrangement or agreement for the legal representation of David J. Young in the criminal case at issue herein.

6.      All checks, check registers, invoices, billing statements, receipts, or other documents evidencing the charging and/or payment of fees and costs for the criminal defense of David J. Young.

7.      All documents in Jennie L. Young's possession evidencing David J. Young's claims that employees of the Omaha Police Department conspired against David J. Young, violated his rights, or otherwise acted unlawfully in the investigation or prosecution of the criminal case at issue against him.

8.      All documents in Jennie L. Young's possession evidencing David J. Young's claims that employees of the Douglas County Attorney's Office conspired against David J.

Young, violated his rights, or otherwise acted unlawfully in the investigation or prosecution of the criminal case at issue against him.

9. All documents in Jennie L. Young's possession evidencing David J. Young's claims that Jenna Johnson, William Johnson, and/or Bridgett Johnson conspired against David J. Young, violated his rights, or otherwise acted unlawfully in connection with the series of events that are the subject of the Complaint filed by David J. Young currently pending in the U.S. District Court for the District of Nebraska.

The term "documents" used above shall include paper documents, electronically stored information, or other tangible things.

Pursuant to NECivR 45.1(a), notice of this subpoena was given to adverse parties on April 9, 2008, and no timely objections were filed.

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction--which may include lost earnings and reasonable attorney's fees--on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises--or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

ISSUING OFFICER:
Attorney for Defendants

_Alan Thelen_ (signature)

By Alan M. Thelen
  Deputy City Attorney
  804 Omaha/Douglas Civic Center
  1819 Farnam Street
  Omaha, NE 68183
  Telephone:  402/444-5115


PROOF OF SERVICE

SERVED ON: _Jennie L. Young_

ADDRESS SERVED: _1623 Farnam #500_

_Omaha NE_

DATE OF SERVICE: _4/28/08_

MANNER OF SERVICE: _Personally_

SERVED BY: _Pat Tflu_


DECLARATION OF SERVER

   I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Proof of Service is true and correct.

Executed on _4/28/08_        _Pat Tflu_
        Date                         Signature of Server

                         Address of Server:
                         _1819 Farnam Rm 800_
                         _Omaha NE 68183_

Received this writ on the _____ 25 _____ day of _____ April _____ ; 10, 2008
I hereby certify that on the _____ 28 _____ day of _____ April _____ , 10 2008
served same on the within named defendant JENNIE L. YOUNG
By leaving, personally, at his usual place of residence DELIVERING TO HER.
_____ , a true and duly certified copy thereof
with all endorsements thereon, all done in the City of Omaha, Douglas County,
Nebraska.

$ 45.00 FEE pd
to WITNESS

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
Constable.

$ 25.00
/
$ 25.00