IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID J. YOUNG, | ) | Case No. 8:07-cv-00265 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JENNA R. JOHNSON, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S TRIAL BRIEF

PREPARED AND SUBMITTED BY:

Thomas J. Young   #14645
2433 South 130th Circle
Omaha, NE 68144
Tel: (402) 330-3700

ATTORNEY FOR PLAINTIFF

This action has been the subject of numerous motions and briefs filed by the remaining Plaintiff and Defendant together with the prior Defendants who have been dismissed or had their respective Summary Judgments granted.

Plaintiff's remaining causes of action are for malicious prosecution and false imprisonment against the Defendant Jenna R. Johnson. Plaintiff addresses each of the claims, in turn.

**Malicious Prosecution**.

The necessary elements required to be established by a Plaintiff for the claim of malicious prosecution are set forth in *Schmidt v. Richman Gordman, Inc.*, 191 Neb. 345, 351, 215 N. W. 2d 105 and *Cimino v. Rosen*, 193 Neb. 162, 164, 225 N. W. 2d 567 and are:

(1) The commencement or prosecution of the proceeding against him;

(2) its legal causation by the present defendant;

(3) its bona fide termination in favor of the present plaintiff;

(4) the absence of probable cause for such proceeding;

(5) the presence of malice therein;

(6) damage, conforming to legal standards resulting to plaintiff.

With regard to the first enumerated element of a prosecution, there is no dispute between the parties that such occurred. The second element requires causation by the Defendant Jenna R. Johnson. In *Schmidt, supra*, at p. 352 the Court found that the agents of the Defendant had set the machinery of a prosecution in motion and noted that there was a failure to give

the prosecutor all information regarding the events that transpired. It is anticipated that the evidence will show that Johnson changed her story repeatedly, she claimed no penetration then told police there was penetration, denied consensual sexual conduct and then admitted same, asserted that she feigned sleeping and was in control of the situation and then claimed to be asleep when digital penetration took place and that it was her desire and intent that Young be prosecuted with whatever consequences flowed therefrom, including being sentenced to jail. These facts satisfy the second requirement to be proved by the Plaintiff.

The third requirement that the criminal prosecution of Young be resolved in his favor is satisfied as both parties agree that Young was acquitted at the criminal trial of his first degree sexual assault charge.

The probable cause element is the one element which the Court will need to address during the course of the trial of this matter. The issue is whether the Defendant Jenna R. Johnson had probable cause to proceed with the criminal prosecution. As the Court is aware, the events giving rise to the criminal prosecution are known only by two individuals: Young and Johnson. Each party's version of the events of that early Sunday morning are in conflict. What a prosecutor or a police officer may "believe" does not resolve the issue of Johnson having probable cause to pursue Young's criminal prosecution. The situation presented is one of credibility as to the testimony of both Young and Johnson.

In *Rose v. Reinhart*, 194 Neb. 478, 481, 233 N.W.2d 302 (1975) and *Jones v. Brockman*, 190 Neb. 15, 17, 205 N.W.2d 657 (1973), the Nebraska Supreme Court has

indicated that the issue of probable cause is a matter of law to be determined by the Court if there is sufficient undisputed evidence. As indicated in *Schmidt, supra*, at 352, probable cause is an issue for the jury in the absence of sufficient undisputed evidence. Considering that the Court and jury will be faced with two versions of the events of June 5, 2005, this issue will necessarily be submitted to the jury.

The next element of malice can be proved directly or by inference. See *Schmidt, supra*, at 353 and *Hacker v. Miller*, on rehearing, 79 Neb. 209, 114 N.W. 274 wherein the Court stated that a lack of probable cause does not itself show malice, but the jury is at liberty to infer malice as a conclusion of fact.

With regard to damages, as the Nebraska Supreme Court stated in *Holmes v. Crossroads Joint Venture*, 262 Neb. 98, 117, 629 N.W.2d 511 (2001) "when one is unlawfully restrained of his personal liberty, arrested, fingerprinted and mugged for permanent FBI records, charged with a criminal offense and compelled to retain counsel for their defense, damage is "obvious and serious" and "Mental anguish and distress, humiliation and disgrace or virtually presumed."

## False Imprisonment.

The Plaintiff and Defendant both cite to the Court *Johnson v. First National Bank & Trust Co.*, 207 Neb. 521, 525, 300 N.W.2d 10 (1980); *Nauenburg v. Lewis*, 265 Neb. 89, 94, 655 N.W.2d 19, (2003) to the effect that:

3

> A private citizen who, by affirmative direction, persuasion or request, procures an unlawful arrest and retention of another is liable for false imprisonment. If an informer merely states to a peace officer his or her knowledge of a supposed offense and the officer makes the arrest entirely upon the officer's own judgment and discretion, the informer is not liable. If an informer knowingly gives to an officer false information which is a determining factor in the officer's decision to make an arrest, the informer is liable.

Citing *Jenson v. Barrett*, 178 Neb. 429, 134 N.W.2d 53 (1965). See also *Huskinson v. Vanderheiden*, 197 Neb. 739, 251 N.W.2d 144 (1977).

Johnson will assert that Officer Circo and Prosecutor Denton will testify that Johnson's repeated changes of her version of the events of June 5, 2005 and her acknowledged lies had no affect on their pursuing the prosecution of Young. Such testimony is certainly subject to belief or, more properly, disbelief by a jury. It is rather unimaginable that one of two people who have actual knowledge of the events that transpired on the morning of June 5, 2005, who is an admitted liar, is subject to belief especially as to the claim of digital penetration, while the other individual, Young, who has been totally consistent with his version of the events of that morning is not to be believed. Certainly the jury will have to make a determination as to whether Johnson's statements were a determining factor. How they could not be is essentially impossible.

One issue the Court may have to address with regard to the false imprisonment claim of the Plaintiff is whether Young's arrest and prosecution were "unlawful". A warrant was issued by a County Court Judge at the behest of Circo based upon an affidavit which was essentially a recitation of some of the statements of Johnson but which failed to disclose the actual events of the morning of June 5th. Essentially, the warrant was based upon false information supplied by Johnson. It even failed to recount information which Circo possessed evidencing a lack of any factual support for the issuance of the warrant. This being the case, the arrest of Young, as it relates to Defendant Johnson pursuant to a warrant based upon false information gives rise to an unlawful arrest and a claim for false imprisonment. *Ruggerio v. New York Racing Association*, 14 A.D.3d 976, 788 N.Y.S.2d 515 (2005) and *Ross v. Village of Wappingers Falls*, 62 A.D.2d 892, 406 N.Y.S.2d 506 (1978) and *Schmidt, supra*.

Respectfully submitted,

DAVID J. YOUNG, Plaintiff,

By: /s/ Thomas J. Young
Thomas J. Young   #14645
2433 South 130th Circle
Omaha, NE 68144
Tel: (402) 330-3700
ATTORNEY FOR PLAINTIFF

CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2010, I electronically filed Plaintiff's Trial Brief with the Clerk of the United States District Court using the CM/ECF system which sent notification of such filing to the following: Douglas L. Phillips and I hereby certify that I

have mailed by United States Postal Service the document to the following non CM/ECF participants: None

/s/ Thomas J. Young