**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| DAVID J. YOUNG, | CASE NO. 8:07-cv-00265 |
| Plaintiff, | |
| vs. | **JENNA R. JOHNSON'S** |
| | **TRIAL BRIEF** |
| JENNA R. JOHNSON, | |
| Defendant. | |

I.      Factual Background and Procedural History

This civil case arises out of the arrest, prosecution and subsequent acquittal of David J. Young on charges of First Degree Sexual Assault, a Class II felony under Nebraska law.[1] Jenna Johnson spent most of the evening of June 4, 2005, with Katie Ryan, Samantha Peterson and David Young, in Ryan and Peterson's apartment located in Davis Hall, No. 131, on the campus of Creighton University. At approximately 3:00 a.m. on the morning of June 5th, Johnson and Young went into a spare bedroom in the apartment, where they spent several hours "making out." When Young came into the bedroom, Johnson told him she did not want to have sex. They kissed and made out, and at some point during the evening, Young asked, and Johnson agreed to give him oral sex. When Young began to touch Johnson near her vagina, Johnson pushed him off the bed and told him she was having her period. Shortly after that incident, Johnson told Young she was tired and wanted to go to sleep. Johnson eventually fell asleep. The next thing Johnson remembers is waking up, feeling someone touching her. Her pajama bottoms and underwear had been pulled down,

---

[1] *See* Neb. Rev. Stat. § 28-319 (1)(a) and (2).

and David Young had his finger in her vagina. She was wearing a tampon and she could feel him pushing on it.

Johnson was asleep when Young did this, and she did not consent. Johnson asked Young to leave, pushed him out of the bedroom, and locked the door. Eventually, she heard him leave. . At 12:50 p.m. on the afternoon following the incident, Katie Ryan reported the matter to the Creighton Department of Public Safety. Andrew Perrone interviewed Jenna Johnson. He reported that: "She [Johnson] does not believe that he [Young] ever penetrated her or ever successfully forced intercourse." Johnson later explained that when the Creighton Security Officer asked her if there had been penetration, she thought that meant with Young's penis. Johnson did not learn that "penetration" could be digital until she talked to the police after the Creighton Security interview. When she told the Creighton Security Officer that Young had "touched" her, she meant that he had put his fingers in her vagina.

When Johnson told her father what happened on the evening following the incident, he told her to call the police. Johnson does not recall her exact words when she contacted the police that evening, but her call was transferred to "911."

Johnson was interviewed by Omaha Police Officer Cunningham on the morning of June 6th. She did not tell Officer Cunningham about the consensual oral sex. Johnson was interviewed by Omaha Police Detective Angie Circo at Project Harmony on June 16, 2005. She did not tell Detective Circo about the consensual oral sex. On June 20, 2005, Detective Circo arranged for Johnson to place a "one-party consent" call to Young. The conversation was recorded. During the conversation, Young contended that Johnson had given him oral sex. Johnson denied it. Portions of this conversation were not recorded because the recorder malfunctioned.

KLASS LAW FIRM,
L.L.P.

2

On June 22, 2005, Detective Circo contacted Johnson to discuss the oral sex issue. Johnson initially admitted to Circo that there had been oral sex, but subsequently denied it.

Omaha Police Detective Angie Circo sought a warrant for the arrest of David Young. Detective Circo did not include any reference to consensual oral sex in her Affidavit when she sought the warrant.

David Young was arrested by the Omaha Police Department in August of 2005. Jenna Johnson was not aware that a warrant had been issued for the arrest of David Young. She did not know that Young was going to be arrested, and she did not know when he was going to be arrested. She wanted David Young to be arrested, prosecuted and held accountable for what he did to her, but she had no say in the charges that were brought.

The County Court of Douglas County, Nebraska, found probable cause to believe that an arrest warrant should be issued for the arrest of David Young, on a charge of 1st Degree Sexual Assault. The warrant issued on August 19, 2005. At his First Appearance on August 26, 2005, Young was arraigned and the County Court found probable cause to set a detention bond. Thereafter, Young requested a Preliminary Hearing, at which the County Court found probable cause to believe Young was guilty of a crime and the matter was bound over to District Court.

Jenna Johnson was deposed in the criminal case. When she was asked about oral sex, she admitted it. Jenna Johnson testified at trial in the case of *State v. Young*. She admitted that there had been oral sex.

Detective Circo believed David Young had penetrated Jenna Johnson without her consent. The issue of whether Jenna Johnson did, or did not have consensual oral sex with David Young had nothing to do with the reasons for Young's arrest. In Detective Circo's

experience with this type of crime, it is not uncommon for victims to leave out details when they tell their story.  If Detective Circo knew everything the parties had learned since the day David Young was arrested, (*i.e.* that there was consensual oral sex and that there are seemingly inconsistent statements about whether there was penetration), she would still have sought a warrant for the arrest of David Young.

Young filed a Plea in Abatement in the criminal case in which he alleged that the State had failed to establish probable cause with respect to the issues of penetration and consent.  The Plea was overruled.  The Court found that there was "probable cause to believe that a first-degree sexual assault occurred and that Defendant [Young] committed the act."

At the close of the State's evidence in the criminal trial, Young moved for a verdict of acquittal.  That motion was denied.  Young renewed his motion at the close of all of the evidence.  The motion was denied again.  If Jenna Johnson had been completely candid with police about the issue of consensual oral sex, the State would still have proceeded to trial in the criminal case.

### 2.    Plaintiff's Remaining Claims

There are two remaining claims against Jenna Johnson:  (1) false imprisonment; and (2) malicious prosecution.[2]

### a.    False Imprisonment

Plaintiff alleges in his second cause of action that Jenna Johnson and others subjected him to unlawful restraint of movement and falsely imprisoned him.

> There is no dispute concerning the elements of a civil action for false imprisonment. A private citizen who, by affirmative direction, persuasion, or request, procures an unlawful arrest and detention of another is liable for false

---

[2] *See* Memorandum and Order on Jenna Johnson's Motion for Summary Judgment, Docket 236, December 2, 2009, dismissing plaintiff's claims for abuse of process and conspiracy to violate his civil rights, and dismissing all claims against the City of Omaha and various police officers.

imprisonment. If an informer merely states to a peace officer his or her knowledge of a supposed offense and the officer makes the arrest entirely upon the officer's own judgment and discretion, the informer is not liable. If an informer knowingly gives to an officer false information which is a determining factor in the officer's decision to make an arrest, the informer is liable.

*Nauenburg v. Lewis*, 265 Neb. 89, 94, 655 N.W.2d 19, 23-24 (2003) *citing Johnson v. First*

*Nat. Bank & Trust Co*., 207 Neb. 521, 300 N.W.2d 10 (1980).

In order to prevail on this claim, plaintiff must prove:

1.    Jenna Johnson knew her reports to the Omaha Police Department were false, and that the reports were a determining factor in the officer's decision to arrest, or

2.    Jenna Johnson procured David Young's unlawful arrest through her affirmative direction, persuasion, or request; and

3.    No probable cause existed to arrest David Young; and

3.    The nature and extent of damage suffered by David Young proximately caused by the arrest.

*Nauenburg v. Lewis*, 265 Neb. 89, 655 N.W.2d 19, 22-24 (2003) (elements of false

imprisonment).

### b.    Malicious Prosecution

In a malicious prosecution case, the necessary elements for the plaintiff to establish are (1) the commencement or prosecution of the proceeding against him or her; (2) its legal causation by the present defendant; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice therein; and (6) damage, conforming to legal standards, resulting to the plaintiff.

*Prokop v. Hoch*, 258 Neb. 1009, 1014, 607 N.W.2d 535, 540 (2000) citing *Gordon v.*

*Community First State Bank*, 255 Neb. 637, 587 N.W.2d 343 (1998).

Want of probable cause for instituting proceedings is an essential and indispensable element of an action for the malicious prosecution of either a civil or a criminal action, no matter what the results thereof; in fact, want of probable cause for the prosecution of the original proceeding by defendant has

been described as the gist of the action. The very foundation of the action is that the previous legal proceeding was resorted to or was pursued causelessly.

*Rose v. Reinhart*, 194 Neb. 478, 481, 233 N.W.2d 302, 304 (1975).

> "Where it appears that there was probable cause to institute the original proceeding, such fact constitutes a complete and absolute defense or bar to an action of malicious prosecution, irrespective of the motive in instituting the prosecution or of a conspiracy. This is the rule throughout the United States."

*Rose*, 194 Neb. 478 at 481, 233 N.W.2d at 304 citing *Brumbaugh v. Frontier Refining Co.*, 173 Neb. 375, 113 N.W.2d 497 (1962).

In order to prevail on this claim, plaintiff must prove:

1.  Jenna Johnson caused a criminal proceeding to be filed against David Young;

2.  Jenna Johnson did not have probable cause for causing the proceeding to be filed;

3.  Jenna Johnson was motivated by malice;

4.  That the proceeding was a proximate cause of some damage to David Young; and

5.  The nature and extent of that damage.

### 3.   Anticipated Evidentiary Issues

#### a.   The Acquittal

David Young was acquitted in the criminal case. While termination of the underlying criminal proceeding in David Young's favor is an element of his malicious prosecution claim, the existence of a favorable termination is a question for the court. *See generally*, NJI2d Civ. No. 9.10, Comment I. Inasmuch as this is the case, the jury should not be allowed to hear evidence of the acquittal. It is irrelevant to any issue the jury must address, and would only confuse and mislead the jury. F.R.Evid. 401, 403.

**KLASS LAW FIRM, L.L.P.**

### b.     The Testimony of Michael Cox

Michael Cox is an Omaha attorney.  Mr. Cox was retained by Jenna Johnson's

parents to give Jenna advice about how the criminal process would work and what Jenna

could expect if a criminal case was filed.  Plaintiff has served a trial subpoena on Mr. Cox.

Mr. Cox has no relevant information, and most, if not all of what he could say is protected by

the attorney client privilege and work product confidentiality.  If plaintiff persists in calling

Mr. Cox as a witness, Defendant will ask the Court to hear his testimony outside the presence

of the jury pursuant to F.R.Evid. 104 so that the Court can make a determination as to the

admissibility of his testimony and the applicability of the privilege.

### c.     Sequestration

Defendant requests that all non-party witnesses be sequestered during this trial.

F.R.Evid. 615.

**KLASS LAW FIRM,
L.L.P.**

Respectfully submitted,

Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
712/252-1866
712/252-5822 fax

ATTORNEYS FOR DEFENDANT
JENNA JOHNSON

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 21, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Douglas L. Phillips    phillips@klasslaw.com, augustine@klasslaw.com, bartels@klasslaw.com

Thomas J. Young     tyoung@tconl.com

Douglas L. Phillips